R. E. Mudd, et al. *v.* W. P. Clements, et al.

[Abstract Kentucky Law Reporter, Vol. 5—422.]

**Waiver of Homestead Exemption.**

A homestead exemption can not be waived except by a writing
subscribed by both the husband and wife and duly acknowledged and

recorded, but without being waived the right terminates whenever the debtor ceases to be a housekeeper, or voluntarily removes permanently from the premises.

## APPEAL FROM WASHINGTON CIRCUIT COURT.

November 17, 1883.

Opinion by Judge Lewis:

In May, 1868, Montgomery and others brought an action against appellee, W. P. Clements, to recover the amount they had been compelled to pay as his sureties in a guardian's bond, and to subject to the satisfaction of the judgment asked certain personal property and a house and lot which he had mortgaged to indemnify them. In June, 1868, the judge of the county court made an order appointing a receiver to take charge of the mortgaged property, who in obedience thereto proceeded to sell the personal property and to lease the house and lot, appellee himself becoming the tenant and agreeing to pay rent therefor. Though the order of the county court was unauthorized it seems to have been acquiesced in by the circuit court where the action was pending, and the acts of the receiver were confirmed, no objection being made thereto by any of the parties.

Appellee, W. P. Clements, when that action was commenced was a bona fide housekeeper with a family, occupying the house and lot in question, and continued in possession thereof until November, 1868, when with his family he removed therefrom. In April, 1869, the house and lot was sold under judgment rendered in that action, the plaintiff becoming the purchaser; but subsequently it was purchased from them by appellants, to whom the deed was directed by the court to be made, and who took possession in January, 1872. This action was brought in February, 1880, by appellees, W. P. Clements and his wife, Alley Clements, to recover the house and lot as their homestead. Upon the trial judgment was rendered for the sale thereof and the payment to appellees of the sum of $1,000 of the proceeds of sale. From that judgment this appeal is prosecuted.

It does not appear that the wife united in the mortgage of the house and lot, and it is contended that she not having done so appellees are entitled to a homestead therein. It has been repeatedly held by this court that the homestead exemption can not be waived except by writing subscribed by both the husband and wife and duly

24

acknowledged and recorded. But it has been also held that the right to the exemption terminates whenever the debtor ceases to be a housekeeper, or removes permanently from the premises. *Brown v. Martin,* 4 Bush. (Ky.) 47; *Carter v. Goodman,* 11 Bush· (Ky.) 228; *Gaines v. Casey,* 10 Bush (Ky.) 92.

In this case before the judgment for the sale of the house and lot appellees removed from and abandoned the premises, and never attempted to reoccupy and set up claim to a homestead in the property until this action was brought nearly eleven years after the sale of the property, and more than eight years after the appellants took possession under their purchase. Their removal must, therefore, be regarded as not merely temporary but permanent, and made with the purpose of abandoning the possession. Having done so it does not appear to be just or required by the terms or spirit of the homestead act that they should now be permitted to disturb appellants in their possession and ownership of the property.

There is nothing in the record to support the assumption that the abandonment of the house and lot was compulsory. It satisfactorily appears that appellee, W. P. Clements, consented to the order of the judge of the county court, and that he subsequently of his own volition removed to the country and resumed his original occupation of a farmer. The order appointing a receiver was not effectual to dispossess appellees, nor would the circuit court have had the power to sell the house and lot except subject to their homestead right if they had not voluntarily and permanently abandoned the occupancy. Having done so and acquiesced in the judgment for the length of time they have, they should not now for the first time be heard to say they acted in ignorance of their rights.

The judgment·must be *reversed* and cause remanded with directions to dismiss appellees' petition.

*John W. Lewis, W. E. Selecman, L. R. Thurman, Breckinridge & McChord, for appellants.*

*W. E. & S. A. Russell, J. W. S. Clements, for appellees.*